UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-0961 JVS (MLGx) | Date | January 9, 2012 |
| Title | Medtronic Corevalve LLC, et qal. V. Edwards Lifesciences Corp., et al. | | |

Present: The Honorable     James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS)  Order Granting Plaintiffs and Counterclaim-Defendants' Motion to Dismiss or, Alternatively, Stay Edward' Third Counterclaim (Fld 10-10-11)

On October 10, 2011, Medtronic CoreValve LLC, Medtronic CV Luxembourg S.a.r.l., Medtronic Vascular Galway Ltd., Medtronic, Inc., and Medtronic Vascular, Inc. (collectively,"Medtronic") filed a motion to dismiss or, alternatively, stay the third counterclaim of Edwards Lifesciences PVT, Inc. and Edwards Lifesciences LLC (collectively,"Edwards").[1] (Doc. No. 33.) On October 31, 2011, Edwards opposed the motion. (Doc. No. 42.) Medtronic replied on November 7, 2011. (Doc. No. 44.) Oral argument took place on December 5, 2011. (Doc. No. 55.) With leave from the Court, the parties submitted supplemental briefing addressing more specifically whether Medtronic's claim and Edward's third counterclaim[2] should proceed in the same court. (Doc. Nos. 62, 64.)

I.     Background

---

[1] Edwards Lifesciences Corp., Edwards Lifesciences LLC, and Edwards Lifesciences (U.S.) Inc. are named as defendants in the complaint brought by Medtronic CoreValve LLC, Medtronic CV Luxembourg S.a.r.l., and Medtronic Vascular Galway Ltd. The Court also refers to these parties as "Edwards" and "Medtronic," respectively, for the sake of simplicity. The Court notes specific parties only where relevant.

[2] The parties refer to the claim asserted by Medtronic in the instant complaint as the "Seguin '281 claim." They refer to Edwards' third counterclaim as the "Cribier '825 counterclaim" and the "Cribier '825 claim." The Court simply refers to "Medtronic's claim" and "Edwards' third counterclaim" herein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-0961 JVS (MLGx)                              Date  January 9, 2012

Title     Medtronic Corevalve LLC, et qal. V. Edwards Lifesciences Corp., et al.

    On June 27, 2011, Medtronic filed a complaint alleging willful infringement of U.S. Patent No. 7,892,281 (the "'281 patent"). (Compl. ¶¶ 16-21, Doc. No. 1.) On September 19, 2011, Edwards answered the complaint and asserted three counterclaims. (Doc. No. 30.) The first two counterclaims seek declaratory judgements of invalidity and noninfringement with respect to the '281 patent. (Id.) Edwards' third counterclaim alleges willful infringement of U.S. Patent No. 8,002,825 (the "'825 patent") and seeks damages and a permanent injunction. (Id.)

    Medtronic now argues that Edwards' third counterclaim should be dismissed, stayed, or transferred[3] under the first-to-file rule because it involves substantially similar parties and issues as two separate actions previously filed in the United States District Court for the District of Delaware.[4] (Mot. 5-8; Medtronic Supp. Br. 2.) The named parties in Edwards I are Edwards Lifesciences AG and Edwards Lifesiences LLC, plaintiffs, and CoreValve, Inc. and Medtronic CoreValve, LLC, defendants. (Oberts Decl. Exs. A-B.) In that case, a jury found that Medtronic willfully infringed U.S. Patent No. 5,411,552 (the "'552 patent")[5] with its "ReValving system" and awarded Edwards $72,645,555 in lost profits and $1,284,861 in reasonable royalties. (Id. Ex. C, at 1-2.) The Delaware court further granted Edwards' request for an accounting for pre- and post-judgment monetary damages and interest, although the court has not yet acted on it. (Terranova Decl. Exs. H-I, Oct. 31, 2011.) Edwards' request for a permanent injunction was denied. (Oberts Decl.

---

[3] In its supplemental brief, Medtronic argues that the Court should dismiss, stay, *or transfer* Edwards' third counterclaim to the District of Delaware. (Medtronic Supp. Br. 2.) In its motion, Medtronic did not request a transfer.

[4] Edwards Lifesciences AG v. CoreValve, Inc., 1:08-cv-00091-GMS (D. Del.) ("Edwards I") and Edwards Lifesciences AG v. Medtronic, Inc., 1:09-cv-00873-GMS (D. Del.) ("Edwards II") (collectively, the "Delaware actions"). The complaint in Edwards I was filed in February 2008. (Oberts Decl. Ex. A.) The complaint in Edwards II was filed in November 2009; a second amended complaint was filed in April 2010. (Id. Exs. E-F.)

[5] Edwards also alleged infringement of U.S. Patent Nos. 6,582,462 and 6,168,614. Both of these patents were dismissed from the case, so only the '552 patent was in issue at trial. (Terranova Decl. Exs. E-F, Oct. 31, 2011.) All three patents were obtained by Doctors Henning Rud Anderson, John Michael Hasenkam, and Lars Lyhne Knudsen. (Id. Ex. A.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0961 JVS (MLGx) | Date | January 9, 2012 |
|---|---|---|---|

| Title | Medtronic Corevalve LLC, et qal. V. Edwards Lifesciences Corp., et al. |
|---|---|

Ex. C, at 2.) Edwards I is presently on appeal in the Federal Circuit.[6]

On November 17, 2009, a new patent was granted to Doctors Henning Rud Anderson, John Michael Hasenkam, and Lars Lyhne Knudsen: U.S. Patent No. 7,618,446 (the "'446 patent"). (Id. Ex. E, at 4.) On that day, the same plaintiffs from Edwards I filed another suit in the District of Delaware alleging infringement of the '446 patent by Medtronic's ReValving system.[7] (See id. Ex. E.) The complaint in Edwards II was subsequently amended to also allege infringement of the '552 patent and U.S. Patent No. 6,582,462 by the ReValving system. (Id. Ex. F.) Edwards II is still pending before the Delaware court.

On June 27, 2011, Medtronic filed the instant complaint alleging willful infringement of the '281 patent by Edwards' "Sapien Transcatheter Aortic Valve" (the "SAPIEN device"). (Compl. ¶ 4.) On August 23, 2011, the '825 patent was issued to Edwards Lifesciences PVT, Inc., which names Alain Cribier and Brice Latec as inventors.[8] (Counterclaims ¶ 18, Doc. No. 30.) On September 19, 2011, Edwards filed its third counterclaim against Medtronic alleging willful infringement of the '825 patent by Medtronic's "Generation 3 ReValving system." (Counterclaims ¶¶ 19-21.)

Edwards initially opposed application of the first-to-file rule on the grounds that its third counterclaim "involves different issues and different parties than the Delaware [actions]." (Opp'n 1.) In its supplemental brief, Edwards argues that *if* the first-to-file rule is applied, it should be applied to the entire case.[9] (Edwards' Supp. Br. 2-20.) Medtronic

---

[6] Medtronic appealed the lost profits award and Edwards appealed the denial of a permanent injunction. See Edwards Lifesciences AG v. CoreValve, Inc., Nos. 11-01215, 11-01257 (Fed. Cir.). The Federal Circuit argument is scheduled for January 11, 2012.

[7] The named defendants in Edwards II are Medtronic, Inc., Medtronic CoreValve, LLC, and Medtronic Vascular, Inc. (Oberts Decl. Ex. E.)

[8] Edwards Lifesciences LLC is the exclusive licensee of the '825 patent. (Counterclaims ¶ 18.)

[9] Edwards prefers that the entire case stay in this Court. If, however, the Court transfers Edwards' third counterclaim to the District of Delaware, Edwards argues that the entire case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-0961 JVS (MLGx) | Date | January 9, 2012 |
| Title | Medtronic Corevalve LLC, et qal. V. Edwards Lifesciences Corp., et al. | | |

maintains that the first-to-file rule should be applied only to Edwards' third counterclaim, and that transferring the entire case would "severely prejudice Medtronic and prevent it from obtaining a timely resolution [of its claim]."[10] (Medtronic's Supp. Br. 1.)

II.  Legal Standard

   A.  First-to-File Rule

The first-to-file rule "is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982). A court may "accept or decline jurisdiction" over a case that was first filed elsewhere in its discretion. Alltrade, Inc., v. Uniweld Products, Inc., 946 F.2d 622, 625, 628 (9th Cir. 1991) ("The most basic aspect of the first-to-file rule is that it is discretionary; 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'" (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183-84 (1952))). Since application of the first-to-file rule is discretionary, district courts can, "in the exercise of their discretion, dispense with the first-filed principle for reasons of equity."[11] Id. at 628. In particular, courts make exceptions to the rule in cases of bad faith or when the first-filed action is anticipatory or an attempt to forum shop. Id.

Courts apply the first-to-file rule when three conditions are met: (1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues. See id. at 625. "Exact parallelism between the two actions need not exist; it is enough if the parties and issues in the two actions are 'substantially similar.'" Alioto v. Hoiles, No. C 04-1395

---

should be transferred there. (Edwards' Supp. Br. 24-25.)

[10] Medtronic requests that the Court dismiss, stay, or transfer Edwards' third counterclaim, but retain jurisdiction over the remainder of the action. (Medtronic's Supp. Br. 19.)

[11] A court that declines jurisdiction under the first-to-file rule may "transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." Alltrade, Inc., 946 F.2d at 623.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 11-0961 JVS (MLGx)                                Date   January 9, 2012

Title   Medtronic Corevalve LLC, et qal. V. Edwards Lifesciences Corp., et al.

PJH, 2004 U.S. Dist. LEXIS 21398, at *14 (N.D. Cal. Oct. 12, 2004) (quoting Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989)).[12]

III.   Discussion

   A.   Default

   As a preliminary matter, the Court must address Edwards' argument that Medtronic defaulted because it failed to timely answer the counterclaims. (See Opp'n 5-6.) Edwards argues that Medtronic's motion is not actually a Rule 12(b) motion and, therefore, it did not extend Medtronic's time to answer. See Fed. R. Civ. P. 12(a)(4) (providing that a motion brought under Rule 12 extends a party's time to answer).

   A motion to dismiss, stay, or transfer proceedings under the first-to-file rule is not a Rule 12(b) motion. See Fujitsu Ltd. v. Nanya Tech. Corp., No. C 06-6613 CW, 2007 U.S. Dist. LEXIS 13132, at *15 (N.D. Cal. Feb. 9, 2007) ("[A]lthough the motion to dismiss, transfer or stay states that it is brought under Rule 12(b)(2) and (5), it is actually brought under the first-to-file rule."). However, "while motions under the first-to-file rule

---

[12] Edwards argues that Federal Circuit law should be applied. (Opp'n 14.) In Broadcom Corp. v. Qualcomm Inc., No. SACV 05-468-JVS (MLGx), 2005 WL 5925585, at *1 (C.D. Cal. Sept. 26, 2005), this Court relied on Federal Circuit law in determining whether to apply the first-to-file rule. See id. at *2. It enjoined the second-filed action because some issues in both actions were "the same" and others were "*substantially similar.*" Id. at *3 (emphasis added). Since Broadcom, district courts within California have relied on Ninth Circuit law, Federal Circuit law, or a combination of the two in determining whether to apply the rule. See, e.g., Quad/Tech Inc. v. Q.I. Press Controls, No. CV-09-1873-PHX-FJM, 2010 U.S. Dist. LEXIS 121063 (N.D. Cal. Nov. 15, 2010) (applying Ninth Circuit law); Cadence Design Sys., Inc. v. OEA Int'l, Inc., No CV11-0713 SBA, 2011 WL 4403619 (N.D. Cal. Sept. 20, 2011) (applying Federal Circuit law); Barnes & Noble, Inc. v. LSI Corp., No. C-11-2709 EMC, 2011 U.S. Dist. LEXIS 120264 (N.D. Cal. Oct. 18, 2011) (applying a combination of the two). The Court need not resolve this issue. Under Ninth Circuit and Federal Circuit law, the reviewing court considers the same three factors in determining whether the actions are "substantially similar" such that the rule should be applied. Compare Quad/Tech Inc., 2010 U.S. Dist. LEXIS 121063, at *5, with Cadence Design Sys., Inc., 2011 WL 4403619, at *2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-0961 JVS (MLGx)  Date  January 9, 2012

Title  Medtronic Corevalve LLC, et qal. V. Edwards Lifesciences Corp., et al.

are generally considered to be outside of the ambit of the Rule 12(b) motions that suffice as responsive pleadings, they are often considered by courts prior to the filing of an answer." Id. at *15-16; see also Ervin v. Kelly, No. C10-5145BHS, 2010 U.S. Dist. LEXIS 74459, at *4 (W.D. Wash. July 23, 2010) (granting a Rule 12(b)(1) motion based on first-to-file rule); Quad/Tech Inc. v. Q.I. Press Controls, No. C 10-2243 CRB, 2010 U.S. Dist. LEXIS 121063, at *12 (N.D. Cal. Nov. 15, 2010) (granting a Rule 12(b)(6) motion based on first-to-file rule).

Because Medtronic timely filed its motion and has since filed an answer to Edwards' counterclaims (Doc. No. 43), it is not in default. See Fujitsu Ltd., 2007 U.S. Dist. LEXIS 13132, at *16.

    B.    Application of the First-to-File Rule

The Court considers three factors in determining whether to apply the first-to-file rule: (1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues.[13] See Alltrade, Inc., 946 F.2d at 625.

    1.    Chronology of the Actions

Chronology of the actions is undisputed here. Edwards I was filed in February 2008. Edwards II was filed in November 2009 and a second amended complaint was filed in April 2010. Medtronic filed the instant complaint on June 27, 2011. Edwards filed its third counterclaim on September 19, 2011. Accordingly, the first factor supports applying the first-to-file rule.

    2.    Similarity of the Parties

---

[13] Medtronic argues that the first-to-file rule should not be applied to its claim because it "did not assert its '281 patent or accuse Edwards' SAPIEN device in any prior case." (Medtronic Supp. Br. 1.) However, the purposes of the first-to-file rule – efficiency, comity, and sound judicial administration – are satisfied by its application whenever multiple actions are substantially similar, regardless of which party filed the first action. The Court could apply the first-to-file rule to Medtronic's claim if it were sufficiently similar to the claims in the Delaware actions. As explained *infra*, however, the Court finds that this is not the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-0961 JVS (MLGx)       Date  January 9, 2012

Title    Medtronic Corevalve LLC, et qal. V. Edwards Lifesciences Corp., et al.

The first-to-file rule does not require that all parties in the separate actions are identical. "[T]he presence or absence of certain parties from the present actions is not dispositive as 'exact identity is not required to satisfy the first-to-file rule. The rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." Am. Newland Cmtys., L.P. v. Axis Specialty Ins. Co., No. 11CV1217 JLS (WMC), 2011 U.S. Dist. LEXIS 128773, at *8-9 (S.D. Cal. Nov. 7, 2011) (alteration in original) (quoting Intersearch Worldwide Ltd. v. Intersearch Grp., Inc., 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal. 2008)); see also British Telecomms. plc v. McDonnell Douglas Corp., No. C-93-0677 MHP, 1993 U.S. Dist. LEXIS 6345, at *13 (N.D. Cal. May 3, 1993) ("Alltrade . . . does not stand for a blanket rule that there must be strict identity of parties for the first-to-file rule to apply.").

The named parties in Edwards I are Edwards Lifesciences AG and Edwards Lifesiences LLC, plaintiffs, and CoreValve, Inc. and Medtronic CoreValve, LLC, defendants. Edwards II was filed by the same plaintiffs; the defendants are Medtronic, Inc., Medtronic CoreValve, LLC, and Medtronic Vascular, Inc. In the instant complaint, the named parties are Medtronic CoreValve LLC, Medtronic CV Luxembourg S.a.r.l., and Medtronic Vascular Galway Ltd., plaintiffs, and Edwards Lifesciences Corp., Edwards Lifesciences LLC, and Edwards Lifesciences (U.S.) Inc., defendants. Edwards Lifesciences PVT, Inc. and Edwards Lifesciences LLC have asserted the third counterclaim against Medtronic CoreValve LLC, Medtronic CV Luxembourg S.a.r.l., Medtronic Vascular Galway Ltd., Medtronic, Inc., and Medtronic Vascular, Inc.

There is substantial overlap between the parties in the Delaware actions, Medtronic's claim, and Edwards' third counterclaim, even though some of the parties are "different corporate entities." (See Opp'n 11.) Edwards Lifesciences LLC is a named party in all of the actions. CoreValve, Inc. is a named party in Edwards I. It was acquired by Medtronic, Inc., which it became a subsidiary of, and was renamed Medtronic CoreValve LLC in 2009. (Terranova Decl. Ex. B ¶ 4, Oct. 31, 2011.) Medtronic CoreValve LLC is a named party in all of the actions. Medtronic, Inc. and Medtronic Vascular, Inc. are named parties in Edwards II, as well as in Medtronic's claim and Edwards' third counterclaim.

Edwards' third counterclaim has been asserted by Edwards Lifesciences PVT, Inc. and Edwards Lifesciences LLC against all of the Medtronic parties who filed the instant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0961 JVS (MLGx) | Date | January 9, 2012 |
|---|---|---|---|

| Title | Medtronic Corevalve LLC, et qal. V. Edwards Lifesciences Corp., et al. |
|---|---|

complaint, plus Medtronic, Inc. and Medtronic Vascular, Inc. The only party named in the third counterclaim that is not named in the Delaware actions or Medtronic's claim is Edwards Lifesciences PVT, Inc., an entity that was created when Edwards Lifesciences Corp. acquired Percutaneous Valve Technologies, Inc. in January 2004. (Terranova Decl. Ex. AA, Dec. 13, 2011.)

Based on these facts, the Court finds that "there is substantial overlap and similarity between the parties." See Am. Newland Cmtys., L.P., 2011 U.S. Dist. LEXIS 128773, at *9. Therefore, this factor supports applying the first-to-file rule.

    3.    Similarity of the Issues

The most difficult consideration in this analysis is the similarity of the issues in the Delaware actions, Medtronic's claim, and Edwards' third counterclaim. The first-to-file rule does not require that all issues in the separate actions are identical; they must only be "substantially similar." Adoma v. Univ. of Phoenix, Inc., 711 F. Supp. 2d 1142, 1148 (E.D. Cal. 2010); Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006). Courts have found substantial similarity between actions where the "central question" is the same, even if specific legal issues within the separate actions vary. See Ward v. Follett Corp., 158 F.R.D. 645, 648-49 (N.D. Cal. 1994) (applying the first-to-file rule where the "central question" in both actions – whether the plaintiff was entitled to royalties – was the same); Bashiri v. Sadler, No. CV 07-2268-PHX-JAT, 2008 U.S. Dist. LEXIS 121002, at *6 (D. Ariz. June 25, 2008) ("[W]hile specific legal issues vary across the litigations, the discovery and evidence necessary to litigate each is substantially similar.").[14]

The Northern District of California has examined the similarity of issues among multiple patent actions in determining whether to apply the first-to-file rule. See Quad/Tech Inc., 2010 U.S. Dist. LEXIS 121063. Quad/Tech Inc. involved two distinct patents, both relating to printing technology. In the first-filed case, the plaintiff brought a claim against the defendants for infringement of its '577 patent in the Eastern District of

---

[14] Compare, e.g., Gardner v. GC Servs., LP, No. 10-CV-997-IEG (CAB), 2010 U.S. Dist. LEXIS 67912, at *15 (S.D. Cal. July 6, 2010) (finding no substantial similarity of the issues because of "significant differences between the claims asserted and remedies requested in the two actions").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0961 JVS (MLGx) | Date | January 9, 2012 |
|---|---|---|---|

| Title | Medtronic Corevalve LLC, et qal. V. Edwards Lifesciences Corp., et al. |
|---|---|

Pennsylvania. Id. at *2. In the second-filed case, the same plaintiff brought claims against substantially similar defendants for infringement of its '508 and '577 patents in the Northern District of California. Id. at *1-2. In holding that the California and Pennsylvania actions were substantially similar, the California court explained that they "share[d] similar technology, similar claim terms, and similar issues. Both patents [were] directed to printing technology . . . [and] share[d] a common inventor." Id. at *6. Because the patents shared a common inventor, depositions of the same person would likely occur in both actions; therefore, applying the first-to-file rule would promote efficiency. Id. Furthermore, there existed "overlapping issues of law and fact with respect to damages." Id. at *7.

Edwards' third counterclaim asserts infringement of a different patent than those in issue in the Delaware actions. In fact, the '825 patent did not even issue until late August 2011, two months after Medtronic filed the instant complaint and more than a year after the conclusion of the Edwards I jury trial and the filing of the complaint in Edwards II. These facts differ from Quad/Tech Inc., where one of the patents in issue in the second-filed case was also in issue in the first filed case. Also unlike Quad/Tech Inc., the '825 patent does not share common inventors with the patents in issue in the Delaware actions.[15] Therefore, litigating Edwards' third counterclaim will likely involve depositions of at least some different people than those deposed for the Delaware actions. These facts weigh against a finding of substantial similarity of the issues with respect to Edwards' third counterclaim.

On the other hand, the patents in issue in Edwards' third counterclaim and the Delaware actions relate to "similar technology," namely, transcatheter aortic valve replacement. See Quad/Tech Inc., 2010 U.S. Dist. LEXIS 121063, at *6. Although this is a broad technological field, there would certainly be overlap in analyzing whether different patents relating to this technology have been infringed. This is especially true here, where the accused product in the Delaware actions, the ReValving system, is the

---

[15] The inventors of all the patents in issue in the Delaware actions were Doctors Henning Rud Anderson, John Michael Hasenkam, and Lars Lyhne Knudsen. The '825 patent names Alain Cribier and Brice Latec as inventors.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0961 JVS (MLGx) | Date | January 9, 2012 |
|---|---|---|---|

| Title | Medtronic Corevalve LLC, et qal. V. Edwards Lifesciences Corp., et al. |
|---|---|

only identified accused product in the third counterclaim.[16] Finally, the remedies sought in the third counterclaim are the same as those sought in the Delaware actions: lost profits and a permanent injunction. Like Quad/Tech Inc., here, there will be "overlapping issues of law and fact" with regard to the remedies.[17] Id. at *7.

The Court recognizes that not all issues presented by Edwards' third counterclaim are identical to those presented in the Delaware actions. However, exact identity is not required. Given the substantial similarity of the issues, the Court finds that the third factor supports application of the first-to-file rule with respect to the third counterclaim. Accordingly, the Court exercises its discretion and transfers the third counterclaim to the District of Delaware, where Edwards chose to file its claims in the Delaware actions. No reasons to take exception to the rule are apparent.

---

[16] Edwards claims that Medtronic may have other THV devices in addition to the Generation 3 ReValving System; accordingly, they drafted the third counterclaim to potentially include other products. (Opp'n 9.) However, Medtronic claims that the Generation 3 ReValving System is its only such product on the market. (Reply 6.) The Court cannot conclude that other products will be accused in the instant action when Edwards' only apparent basis for its claim is a statement made by Medtronic's counsel that the company is continually developing new products. (See Opp'n 9; Terranova Decl. Ex. N, at 255:16-256:4, Oct. 31, 2011.)

[17] Edwards also argues that the issues involving damages differ between Edwards' third counterclaim and the Delaware actions. Edwards points out that the patents in issue in the Delaware actions will expire before the '825 patent and, therefore, there may be room for additional recovery beyond whatever is ultimately awarded in the Delaware actions. Medtronic responds that Edwards is again seeking the same lost profits for the sale of the same product. Medtronic also points out that the '552 patent, which the jury found was infringed in Edwards I, is eligible for a term extension. Accordingly, it is still unclear for what period of time Edwards will be able to recover its lost profits in the Delaware actions. Furthermore, Edwards appealed the district court's denial of a permanent injunction in Edwards I. If the Federal Circuit grants the injunction, this would substantially effect resolution of the third counterclaim because it seeks to enjoin the same activity at issue in the Delaware actions. All things considered, there will be substantial overlap between the issues with respect to remedies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-0961 JVS (MLGx)                     Date   January 9, 2012

Title     Medtronic Corevalve LLC, et qal. V. Edwards Lifesciences Corp., et al.

    Because the Court applies the first-to-file rule to Edwards' third counterclaim, it must consider Edwards' argument that the rule should be applied to the entire case. The technology in the '281 patent is the same general technology as in the '825 patent and the patents in issue in the Delaware actions. But unlike Edwards' third counterclaim, which involves the same accused product as the Delaware actions, Medtronic's claim involves a different accused product, the SAPIEN device. Whether Edwards' SAPIEN device infringes any of Medtronic's patents has not yet been litigated.[18]

    Furthermore, there would be less overlap with respect to remedies between Medtronic's claim and the Delaware actions than between Edwards' third counterclaim and the Delaware actions. Again, this is because Medtronic's claim involves a different accused product than all of the other actions. As Edwards admitted at oral argument, it is likely that "nothing that the Federal Circuit" does on appeal "is going to impact [Medtronic's] claim." (Hr'g Tr. 20:25-21:2, Dec. 5, 2011.) The same cannot be said of Edwards' third counterclaim, which seeks lost profits and an injunction based on the same product accused of infringement in the Delaware actions.

    Although Edwards provides a detailed history of the '281 and '825 patents, the Court is not convinced that this history makes Medtronic's and Edwards' infringement claims "intertwined." Although there may be some overlap in discovery because of the same general technology involved in both patents, the patents have different inventors and the claims accuse different products of infringement. The Court also finds Edwards' arguments with respect to potentially conflicting claim terms, prior art, and level of skill in the art unavailing.[19]

---

[18] Medtronic admits that the SAPIEN device was considered in Edwards I, but only in determining Edwards' ability and capacity to make SAPIEN device sales that were instead made by Medtronic with its ReValving system. (Medtronic's Supp. Br. 10.)

[19] The potentially conflicting claim terms that Edwards points to are "longitudinal bars" in the '281 patent and "intersecting bars" in the '825 patent. However, Edwards admits that these terms, which come from different patents and include different adjectival modifiers, "do not necessarily have the same meaning." (Edwards Supp. Br. 17.) Also, although the '281 patent and the '825 patent may be assessed against the same prior art, and the same level of ordinary skill in the art may be similar,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-0961 JVS (MLGx) | Date | January 9, 2012 |
| Title | Medtronic Corevalve LLC, et qal. V. Edwards Lifesciences Corp., et al. | | |

The "just and effective disposition" of Medtronic's claim requires that it be litigated in this Court, the venue which Medtronic reasonably chose. See Elecs. for Imaging, Inc. v. Coyle, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (citations and internal quotation marks omitted). Medtronic would be prejudiced if the entire case were transferred to the District of Delaware because of the potentially significant delay it would face in litigating its claim. After carefully considering Medtronic's motion, Edwards' opposition, Medtronic's reply, and the supplemental briefing, the Court concludes that the first-to-file rule should be applied only to Edwards' third counterclaim.[20]

IV. Conclusion

For the foregoing reasons, Medtronic's motion is GRANTED and Edwards' third counterclaim is transferred to the District of Delaware. The Court retains jurisdiction over the remainder of the action.

IT IS SO ORDERED.

---

these arguments are largely speculative. (See id. at 17-18.)

[20] Edwards' arguments regarding convenience and transfer of venue under 28 U.S.C. § 1404(a) are more appropriately directed at the court in the first-filed action. See Alltrade, 946 F.2d at 628 ("The Ninth Circuit has held that normally, this convenience argument should be addressed to the court in the first-filed action, not the court in the later-filed action."); see also Microchip Tech., Inc. v. United Module Corp., Nos. CV-10-04241-LHK, CV-10-05196-LHK, CV-10-05290-LHK, CV-11-00430-LHK, 2011 WL 2669627 (N.D. Cal. July 7, 2011). If the Court were to consider transfer under § 1404(a), however, it would find that Edwards fails to "make a strong showing of inconvenience to warrant upsetting [Medtronic's] choice of forum." See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). The Court's decision to transfer Edwards' third counterclaim to the District of Delaware is based on the first-to-file rule, not § 1404(a).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-0961 JVS (MLGx)    Date  January 9, 2012

Title  Medtronic Corevalve LLC, et qal. V. Edwards Lifesciences Corp., et al.

                                                                    0  :  00
                                               Initials of Preparer   kjt