UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-0961 JVS (MLGx) | Date | November 13, 2012 |
| Title | Medtronic Corevalve LLC, et qal. V. Edwards Lifesciences Corp., et al. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS)   Order GRANTING Defendants' Motion for Partial Summary Judgment as to Priority and Summary Judgment as to Invalidity of the '281 Patent (fld 6-29-12) and DENYING Plaintiffs' Motion and Cross Motion for Partial Summary Judgment on Priority (fld 7-30-12)**

Defendants and Counterclaim-Plaintiffs Edwards Lifesciences Corporation, Edwards Lifesciences (U.S.) Inc., and Edwards Lifesciences LLC (collectively, "Edwards") move for partial summary judgment and summary judgment pursuant to Federal Rule of Civil Procedure 56. (Docket No. 136.) Plaintiffs and Counterclaim-Defendants Medtronic CoreValve LLC, Medtronic Luxembourg S.a.r.l., and Medtronic Vascular Galway Ltd. (collectively, "Medtronic") cross-move for partial summary judgment. (Docket No. 140.) Both motions are opposed. (Docket Nos. 140, 142.) For the following reasons, the Court GRANTS Edwards' motion and DENIES Medtronic's cross-motion.

## I.   Background

On June 27, 2011, Medtronic filed the Complaint against Edwards alleging infringement of U.S. Patent No. 7,892,281 (the "'281 Patent"), entitled "Prosthetic Valve for Transluminal Delivery." (Compl. ¶¶ 16-21, Docket No. 1.) The '281 Patent issued on February 22, 2011; the application was filed in the United States on January 5, 2009. (Defs.' Statement of Uncontroverted Facts & Conclusions of Law ("Defs.' SUF") ¶ 2, Docket No. 136-2; Pls.' Statement of Uncontroverted Facts & Conclusions of Law ("Pls.'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-0961 JVS (MLGx) | Date | November 13, 2012 |
| Title | Medtronic Corevalve LLC, et qal. V. Edwards Lifesciences Corp., et al. | | |

SUF") ¶ 2, Docket No. 140-26.)[1] The '281 Patent names Jacques Seguin and Georg Börtlein as inventors. (Pls.' SUF ¶¶ 3-4.) Medtronic asserts that Edwards infringes claims 3, 4, 7, 12, 14, and 15 of the '281 Patent (the "Asserted Claims"). (Id. ¶ 5; Defs.' SUF ¶ 3.)

Medtronic contends that the '281 Patent is entitled to a priority date of "no later than October 31, 2000." This date is based on the filing date of French Application FR 00/14028 ("French Application 1b"). (Id. ¶ 4; Pls.' SUF ¶ 6.) According to Medtronic, "[t]he '281 Patent claims priority to the October 31, 2000 date through a series of five U.S., international, and French applications." (Pls.' Statement of Genuine Disputes ("Pls.' SGD") ¶ 6, Docket No. 140-25.)[2] On the other hand, Edwards contends that "[t]he '281 Patent attempts to claim priority back to the October 31, 2000 date in a series of eleven U.S., international and French patent applications." (Defs.' SUF ¶ 6.) According to Edwards, there are seven defects in the priority chain, which limit the priority date of the '281 Patent to no earlier than April 10, 2003, the date on which U.S. Application 4 was filed. (Id. ¶ 75.) Medtronic disputes that any defect exists in the priority chain back to French Application 1b. (Pls.' SGD ¶ 6.) The parties' arguments regarding priority are addressed in more detail in Section III.A.

## II.  Legal Standard

Summary judgment is appropriate where the record, read in the light most favorable to the nonmovant, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine dispute as to any material fact regarding that portion of the claim. Fed. R. Civ. P. 56(a); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981)

---

[1] The parties do not dispute the actual filing date of the '281 Patent.

[2] The international application in the priority chain is International Application PCT/FR 01/03258 ("International Application 2b"), which was filed on October 19, 2001. U.S. Application US S/N: 10/412,634 ("U.S. Application 4"), filed April 10, 2003; U.S. Application US S/N: 11/352,614 ("U.S. Application 6"), filed February 13, 2006; and U.S. Application US S/N: 12/029,031 ("U.S. Application 8"), filed February 11, 2008, are also part of the priority chain. (Defs.' Mot. Br. Ex. A; Pls.' Opp'n & Cross-Mot. Br. Ex. A.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-0961 JVS (MLGx) | Date | November 13, 2012 |
| Title | Medtronic Corevalve LLC, et qal. V. Edwards Lifesciences Corp., et al. | | |

("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks omitted).

Material facts are those necessary to the proof or defense of a claim, and are determined by referring to substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.[3]

The moving party has the initial burden of establishing the absence of a material fact for trial. Anderson, 477 U.S. at 256. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . ., the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). Furthermore, "Rule 56[(a)][4] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 323. Therefore, if the nonmovant does not make a sufficient showing to establish the elements of its claims, the court must grant the motion.

Where the parties have made cross-motions for summary judgment, as the parties have done here, the Court must consider each motion on its own merits. Fair Hous. Council v. Riverside Two, 249 F.3d 1132, 1136 (9th Cir. 2001). The Court will consider each party's evidentiary showing, regardless of which motion the evidence was tendered under. See id. at 1137.

## III. Discussion

---

[3] "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." L.R. 56-3.

[4] Rule 56 was amended in 2010. Subdivision (a), as amended, "carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word — genuine 'issue' becomes genuine 'dispute.'" Fed. R. Civ. P. 56, Notes of Advisory Committee on 2010 amendments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-0961 JVS (MLGx)                     Date  November 13, 2012

Title   Medtronic Corevalve LLC, et qal. V. Edwards Lifesciences Corp., et al.

Edwards moves for partial summary judgment to limit the priority date of the '281 Patent to no earlier than April 10, 2003. (Defs.' Mot. Br. 1.) Edwards also moves for summary judgment of invalidity for all Asserted Claims under 35 U.S.C. § 102(d), and for claims 3, 4, and 7 under 35 U.S.C. § 102(a). (Id. at 2.) Medtronic contends that the correct priority date of the '281 Patent is October 31, 2000, and cross-moves for partial summary judgment on this issue. (Pls.' Opp'n & Cross-Mot. Br. 1, 3.) Furthermore, assuming the October 31, 2000 priority date, Medtronic contends that it is entitled to partial summary judgment as to Edwards' invalidity contentions. (Id. at 6.)

A.   Priority Date of the '281 Patent

The '281 Patent resulted from a series of U.S., international, and French patent applications. Although the '281 Patent was filed on June 5, 2009, Medtronic claims priority back to French Application 1b, which was filed on October 31, 2000. (Pls.' Opp'n & Cross-Mot. Br. 6.) Edwards contends that there are several defects in the priority chain relied upon by Medtronic. (Defs.' Mot. Br. 4-7.) And because of the defects, Edwards argues, the earliest possible priority date for the '281 Patent is April 10, 2003, the date on which U.S. Application 4 was filed. (Id. at 7.)

The primary dispute between the parties involves the correct interpretation of 35 U.S.C. § 119(a), which governs priority claims based on an earlier-filed foreign patent application.[5] Edwards contends that § 119 requires all intermediate applications in a priority chain to contain a specific reference to the earlier-filed foreign application, here, French Application 1b. (Defs.' Mot. Br. 15.) Medtronic disagrees. (Pls.' Opp'n & Cross-Mot. Br. 9-12.) The parties have not identified any authority precisely on point, and the Court has not found any through its own research.

The Court first considers the plain language of § 119. Section 119 provides, in pertinent part:

> An application for patent for an invention filed in this country by any person who has . . . previously regularly filed an application for a patent for the same invention in a foreign country which affords similar privileges in the case of

---

[5] The Court may determine the proper date of priority for the '281 Patent as a matter of law. See Bradford Co. v. Conteyor N. Am., Inc., 603 F.3d 1262, 1268 (Fed. Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-0961 JVS (MLGx) | Date | November 13, 2012 |
|---|---|---|---|

| Title | Medtronic Corevalve LLC, et qal. V. Edwards Lifesciences Corp., et al. |
|---|---|

applications filed in the United States or to citizens of the United States, or in a WTO member country, shall have the same effect as the same application would have if filed in this country on the date on which the application for patent for the same invention was first filed in such foreign country . . . .

35 U.S.C. § 119(a). A U.S. application claiming priority to a foreign application under § 119 must be "filed within twelve months from the earliest date on which such foreign application was filed." Id. In addition, a claim must be filed in the Patent and Trademark Office "identifying the application number by specifying that application number on that foreign application, the intellectual property authority or country in or for which the application was filed, and the date of filing the application, at such time during the pendency of the [U.S. patent] application . . . ." Id. § 119(b)(1).[6]

Section 119, on its face, does not require all intermediate applications in a priority chain to contain a specific reference to the earlier-filed foreign application. Contrarily, § 120, which governs priority claims based on an earlier-filed U.S. patent application, does. Section 120 provides, in pertinent part:

An application for patent for an invention disclosed in the manner provided by section 112(a) . . . in an application previously filed in the United States, or as provided by section 363, which is filed by an inventor or inventors named in the previously filed application shall have the same effect, as to such invention, as though filed on the date of the prior application, if filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application and <u>if it contains or is amended to contain a specific reference to the earlier filed application</u>.

35 U.S.C. § 120 (emphasis added).

The Federal Circuit recently considered whether § 120 "requires an intermediate application in a priority chain to 'contain a specific reference to the earlier filed application.'" Encyclopedia Britannica, Inc. v. Alpine Elecs. of Am., Inc., 609 F.3d 1345, 1349 (Fed. Cir. 2010). The court held that it does. Id. at 1351. First, the court noted the

---

[6] See also 37 C.F.R. § 1.55 (regulation implementing § 119).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-0961 JVS (MLGx) | Date | November 13, 2012 |
| Title | Medtronic Corevalve LLC, et qal. V. Edwards Lifesciences Corp., et al. | | |

plain language of § 120, which requires the application to "contain[] or [be] amended to contain a specific reference to the earlier filed application." Id. at 1350. Second, the court found "nothing in the . . . legislative history of § 120 to suggest that an application is entitled to an earlier priority date even if it fails to make a specific reference to an earlier application." Id.

In 2003, the Patent and Trademark Office ("PTO") considered adding a similar reference requirement to § 37 C.F.R. § 1.55:

> The [PTO] is proposing to amend [37 C.F.R.] § 1.55(a) to add a paragraph . . . to make clear that the first-filed application in a chain of applications (as well as all intermediate applications) must contain a claim for priority . . . to a prior foreign application for a subsequent application to claim the benefit of the prior foreign application through the first-filed application (and all intermediate applications).

Changes to Support Implementation of the United States Patent and Trademark Office 21st Century Strategic Plan, 68 Fed. Reg. 53816, 53825 (proposed Sept. 12, 2003) (emphasis added). But it declined to adopt the amendment. Medtronic contends that "[t]his legislative history confirms that a patentee is not required to claim the foreign priority date in each intervening U.S. application." (Pls.' Opp'n & Mot. Br. 10 (emphasis omitted).) The Court disagrees. The PTO considered the proposed amendment "to make clear" that all intermediate applications "must contain a claim for priority . . . to a foreign application." This suggests that such a requirement already existed, even though it is not expressly stated in the statute.[7]

The Court's interpretation of § 119 is also supported by policy considerations. The requirements of § 119 are meant to ensure that "the record of the United States patent will be complete in this country." In re Tangsrud, 184 U.S.P.Q. 746, 746 (Comm'r Pat. 1973); see also Sampson v. Ampex Corp., 463 F.2d 1042, 1045 (2d Cir. 1972) (explaining that the reference requirement in § 120 exists so that one may "determine with a minimum of

---

[7] See also MPEP § 1895.01 ("A claim for foreign priority under 35 U.S.C. 119 (a)-(d) must be made in the continuing application in order to obtain the benefit of the filing date of the prior filed application. This is true regardless of whether such a claim was made in the parent international application.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-0961 JVS (MLGx) | Date | November 13, 2012 |
| Title | Medtronic Corevalve LLC, et qal. V. Edwards Lifesciences Corp., et al. | | |

effort the exact filing date upon which a patent application is relying to support the validity of [the] application or the validity of a patent issued on the basis of one of a series of applications"); Simmons, Inc. v. Bombardier, Inc., 328 F. Supp. 2d 1188, 1200 (D. Utah 2004) ("Proper identification of priority applications is essential to establishing accurate and complete relationships among various patent documents which reflect the same invention." (quoting MPEP § 201.14(d)). Absent a specific reference to the earlier-filed foreign application in each intermediate application in the priority chain, the record of the United States patent would not be complete.

Accordingly, the Court finds that § 119, in addition to the requirements expressly laid out in subsections (a) and (b), requires that all intermediate applications in a priority chain contain a specific reference to the earlier-filed foreign application.[8] Medtronic admits that not every intervening application in the priority chain claims priority to French Application 1b. (See Pls.' Opp'n & Cross-Mot. Br. 12). Therefore, based on the Court's interpretation of § 119, the '281 Patent is not entitled to the benefit of the October 31, 2000 filing date of French Application 1b.[9]

The '281 Patent is entitled to the benefit of the earliest filed application to which an entire chain of applications properly claims priority pursuant to 35 U.S.C. § 119 and

---

[8] Loughlin v. Lin, 684 F.3d 1289 (Fed. Cir. 2012), cited by Medtronic, merely notes that § 120 grants priority benefits to any application that meets the statutory requirements. Id. at 1293 ("Provided the criteria in § 120 are met, applications 'shall,' without exception, receive the benefit of the earlier filing date." (emphasis added).) Medtronic also relies on In re Tangsrud, 184 U.S.P.Q. 746 (Comm'r Pat. 1973). In that 1973 case, the Commissioner of Patents held only that "the certified copy of the foreign priority document may be filed in a continuing application, rather than in an abandoned first-filed application, provided that a claim for priority in compliance with [37 C.F.R.] § 1.55 to a prior foreign application is presented in the first application." 68 Fed. Reg. at 53826.

[9] Medtronic also cites an Interview Summary, filed during prosecution of U.S. Application US S/N: 12/348,892, in which the Patent Examiner noted: "Applicant [Medtronic] stated that the current application has priority (FR 99 14462 11/17/1999 and FR 0014028 10/31/00) over Bailey et al. 6,458,153 and Spencer et al. 6,893,460." (See Hedden Decl. Ex. 9, at 279, Docket No. 140-1 (emphasis added).) It appears that the Examiner accepted Medtronic's position. (See Hedden Decl. Ex. 10, at 287.)
   Although an Examiner's decisions must be considered, Interconnect Planning Corp. v. Feil, 774 F.2d 1132, 1139 (Fed. Cir. 1985), there is no indication that the defects noted herein were considered by the Examiner.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-0961 JVS (MLGx)                    Date  November 13, 2012

Title  Medtronic Corevalve LLC, et qal. V. Edwards Lifesciences Corp., et al.

§ 120. Edwards contends that the '281 Patent cannot claim priority to International Application 2b, which was filed on October 19, 2001, either, because there are defects in the priority chain such that § 120 is not satisfied. More specifically, "U.S. Application 6 failed to recite Application 4 in its claim for priority to International Application 2b, U.S. Application 8 failed to recite Applications 4 and 6 in its claim for priority to International Application 2b, and U.S. Application 7 failed to claim priority to International Application 2b." (Defs.' Mot. Br. 16.) Medtronic disputes that there are any defects in the priority chain back to International Application 2b. (Pls.' Opp'n & Cross-Mot. Br. 12-19.)

In order to claim priority based on an earlier-filed application under § 120, the later-filed application must contain a specific reference to the earlier-filed application. Medtronic agrees. (Pls.' SGD ¶ 36.) Accordingly, in order to claim priority to International Application 2b, U.S. Application 6 must recite U.S. Application 4 in its claim for priority, and U.S. Application 8 must recite U.S. Applications 6 and 4 in its claim for priority. (Id. ¶¶ 38, 57.) The specifications of U.S. Applications 6 and 8 state that "this application is also a continuation-in-part of [International Application 2b]." The Court does not accept Medtronic's argument that "this application" refers to U.S. Application 4 in U.S. Applications 6 and 8. (See Pls.' Reply Br. 13, Docket No. 145.) Based on the plain language, "this application" refers to the present application.[10] Therefore, not all of the requirements of § 120 are satisfied.

Edwards does not dispute that the '281 Patent can claim priority back to U.S. Application 4, which was filed on April 10, 2003. Accordingly, the Court GRANTS partial summary judgment in favor of Edwards. The priority date of the '281 Patent is limited to no earlier than April 10, 2003.

      B.     Invalidity – 35 U.S.C. § 102(d)

The Patent Act precludes the patenting of any invention that "was first patented . . .

---

[10] At oral argument, Medtronic suggested that anyone of ordinary skill in the art would understand "this application" in U.S. Applications 6 and 8 to refer to U.S. Application 4. This is because, based on when the applications were filed, only U.S. Application 4 could have been a continuation-in-part of International Application 2b. But the Court relies on the plain language of the specifications, which indicates a defect that should have been corrected at the PTO.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-0961 JVS (MLGx)    Date  November 13, 2012

Title  Medtronic Corevalve LLC, et qal. V. Edwards Lifesciences Corp., et al.

by the applicant . . . in a foreign country prior to the date of the application for patent in this country on an application for patent . . filed more than twelve months before the filing of the application in the United States." 35 U.S.C. § 102(d). Therefore, under § 102(d), a claim is invalid if: (1) the foreign application was filed more than twelve months before the effective filing date of the U.S. application; (2) the foreign and U.S. applications were filed by the same applicant; (3) the foreign application was actually issued as a patent; and (4) the same invention is involved.

As discussed supra, the effective filing date of the '281 Patent is April 10, 2003. French Application 1b was filed on October 31, 2000, more than twelve months before the effective filing date of the U.S. application. Medtronic has failed to respond to Edwards' argument that the other requirements of § 102(d) are satisfied as well. (See Pls.' Opp'n & Cross-Mot. Br. 19-20; see generally Pls.' Reply Br.) Indeed, it appears to the Court that Edwards has satisfied its burden for summary judgment by showing that all of the requirements are met. (See Defs.' Mot. Br. 16-20.) Therefore, the Court holds that all Asserted Claims are invalid under § 102(d).

C.  Invalidity – 35 U.S.C. § 102(a)

The Patent Act precludes the patenting of any invention that was "patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent." 35 U.S.C. § 102(a). "[A] printed publication cannot stand as a reference under § 102(a) unless it is describing the work of another." In re Katz, 687 F.2d 450, 454 (C.C.P.A. 1982). Therefore, under § 102(a), a claim is invalid when it was (1) described (2) in a patent or printed publication (3) by others (4) before the invention thereof by the patent applicant.

Edwards contends that Asserted Claims 3, 4, and 7, invented by Seguin and Börtlein jointly, are invalid under § 102(a). The only requirement of § 102(a) that Medtronic disputes is that French Patent 2 815 844 and WO 02/36048, which resulted from French Application 1b and International Application 2b, respectively, were issued and published before the priority date of the '281 Patent. (See Pls.' Opp'n & Cross-Mot. Br. 19-20; see generally Pls.' Reply Br.) Both French Patent 2 815 844 and WO 02/36048 were published in May 2002. (Defs.' Mot. Br. Ex. A; Pls.' Opp'n & Cross-Mot. Br. Ex. A.) In light of the Court's holding that the priority date of the '281 Patent is April 10,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-0961 JVS (MLGx) | Date | November 13, 2012 |
| Title | Medtronic Corevalve LLC, et qal. V. Edwards Lifesciences Corp., et al. | | |

2003, Medtronic's argument fails. Because Edwards has satisfied its burden for summary judgment by showing that all of the other requirements of § 102(a) are satisfied as well (see Defs.' Mot. Br. 20-23), the Court holds that Asserted Claims 3, 4, and 7 are invalid under § 102(a).

## IV. Conclusion

For the foregoing reasons, Edwards' motion is GRANTED and Medtronic's cross-motion is DENIED.

IT IS SO ORDERED.

Counsel for the prevailing party shall prepare, serve and submit, forthwith, a proposed judgment in accordance with this Court's ruling above.

| | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | kjt | | |