# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

13-1117

**RECEIVED**
CLERK, U.S. DISTRICT COURT

4/7/14

CENTRAL DISTRICT OF CALIFORNIA
BY: ____MAT____ DEPUTY

**MEDTRONIC COREVALVE, LLC,**
**MEDTRONIC CV LUXEMBOURG S.A.R.L.,**
**and MEDTRONIC VASCULAR GALWAY, LTD.,**

*Plaintiffs-Appellants,*

v.

**EDWARDS LIFESCIENCES CORPORATION,**
**EDWARDS LIFESCIENCES, LLC,**
**and EDWARDS LIFESCIENCES (U.S.), INC.,**

*Defendants-Appellees.*

Appeal from the United States District Court for the Central District of California in case no. 11-CV-0961
United States District Judge James V. Selna

## MANDATE

In accordance with the judgment of this Court, entered January 22, 2014, and pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure, the formal mandate is hereby issued.


FOR THE COURT

/s/ Daniel E. O'Toole

Daniel E. O'Toole
Clerk of Court


cc: Clerk of Court, Central District of California (Santa Ana)
Brian P. Egan
Nicholas P. Groombridge
Martin Richard Lueck
Catherine Nyarady
Stacie Elizabeth Oberts
Kripa Raman
Christopher Terranova
Jenny Chia Cheng Wu

# United States Court of Appeals for the Federal Circuit

———————————

**MEDTRONIC COREVALVE, LLC,
MEDTRONIC CV LUXEMBOURG S.A.R.L.,
AND MEDTRONIC VASCULAR GALWAY, LTD.,**
*Plaintiffs-Appellants,*

v.

**EDWARDS LIFESCIENCES CORPORATION,
EDWARDS LIFESCIENCES LLC,
AND EDWARDS LIFESCIENCES (U.S.), INC.,**
*Defendants-Appellees.*

———————————

2013-1117

———————————

Appeal from the United States District Court for the Central District of California in No. 11-CV-0961, Judge James V. Selna.

———————————

Decided: January 22, 2014

———————————

MARTIN R. LUECK, Robins, Kaplan, Miller & Ciresi L.L.P., of Minneapolis, Minnesota, argued for plaintiffs-appellants. With him on the brief was STACIE E. OBERTS.

NICHOLAS GROOMBRIDGE, Paul, Weiss, Rifkind, Wharton & Garrison LLP, of New York, New York, argued for defendants-appellees. With him on the brief were

CATHERINE NYARADY, KRIPA RAMAN, BRIAN P. EGAN, JENNY C. WU, and CHRISTOPHER TERRANOVA.

---

Before PROST, PLAGER, and TARANTO, *Circuit Judges.*

PROST, *Circuit Judge.*

Medtronic CoreValve, LLC, the assignee of U.S. Patent No. 7,892,281 ("'281 patent"), appeals from the judgment of the United States District Court for the Central District of California granting summary judgment to Edwards Lifesciences Corp., Edwards Lifesciences LLC, and Edwards Lifesciences (U.S.) Inc. (collectively, "Edwards") of invalidity of certain claims of the '281 patent. The judgment rests on the district court's grant of partial summary judgment that the '281 patent is limited to a priority date of no earlier than April 10, 2003. *Medtronic CoreValve, LLC v. Edwards Lifesciences Corp.*, No. 11-CV-961 (C.D. Cal. Nov. 13, 2012) (Minute Order) ("*SJ Order*"). For the reasons set forth below, we affirm.

## BACKGROUND

Medtronic CoreValve, LLC, Medtronic CV Luxembourg S.a.r.l., and Medtronic Vascular Galway Ltd. (collectively, "Medtronic") sued Edwards for infringement of claims 3, 4, 7, 12, 14, and 15 of the '281 patent ("Asserted Claims"). The '281 patent, entitled "Prosthetic Valve for Transluminal Delivery," issued on February 22, 2011. Filed on January 5, 2009, the '281 patent descends from a number of United States, international, and French patent applications. On its face, the '281 patent claims priority to French Application No. 99/14462 ("French Application 1a"),[1] filed on November 17, 1999. '281 pa-

---

[1] For convenience, we continue to adhere to the patent application naming convention used by the parties and the district court in the proceedings below.

MEDTRONIC COREVALVE, LLC v. EDWARDS
LIFESCIENCES CORP.                                                        3

tent, cover page, item 30 & col. 1 ll. 19-20, 37-39.  However, because French Application 1a is not relevant to the claims asserted against Edwards, the pertinent priority chain[2] for the Asserted Claims has its genesis in French Application No. 00/14028 ("French Application 1b"), filed on October 31, 2000.  From there, the chain of priority proceeds as follows, ending with U.S. Patent Application Serial No. 12/348,892 ("U.S. Application 10"), filed on January 5, 2009, which matured into the '281 patent:

| Application | Serial Number | Filing date |
|---|---|---|
| French Application 1b | French Application No. FR 00/14028 | Oct. 31, 2000 |
| International Application 2b | International Application No. PCT/FR 01/03258 | Oct. 19, 2001 |
| U.S. Application 4 | U.S. Patent Application Serial No. 10/412,634 | Apr. 10, 2003 |
| U.S. Application 6 | U.S. Patent Application Serial No. 11/352,614 | Feb. 13, 2006 |
| U.S. Application 8 | U.S. Patent Application Serial No. 12/029,031 | Feb. 11, 2008 |
| U.S. Application 10 | U.S. Patent Application Serial No. 12/348,892 | Jan. 5, 2009 |

Over the course of litigation, Edwards became aware that the '281 patent's priority chain suffered from several defects for failure to comply with the requirements of 35 U.S.C. §§ 119 and 120.  Edwards moved for partial summary judgment that these defects limited the priority date of the Asserted Claims to no earlier than April 10, 2003, the date on which U.S. Patent Application Serial No. 10/412,634 ("U.S. Application 4") was filed.  Based on the April 10, 2003 priority date, Edwards also moved to

---

[2]   The '281 patent recites two separate priority chains, only one of which is relevant in this case.

invalidate the Asserted Claims on summary judgment
under 35 U.S.C. § 102 with earlier filed French Applica-
tion 1b and International Application (Patent Cooperation
Treaty) No. PCT/FR 01/03258 ("International Application
2b").

Medtronic filed a cross-motion for summary judgment
on the priority date issue, contending that the priority
chain of the '281 patent suffered from no defects and that
the Asserted Claims are entitled to a priority date of
October 31, 2000, the filing date of French Application 1b.
Medtronic did not directly oppose Edwards's invalidity
motion on the merits, i.e., contest any facts regarding the
scope of the alleged invalidating prior art relative to the
Asserted Claims.  Instead, Medtronic doubled down on its
priority date position because a finding that the '281
patent is entitled to an October 31, 2000 priority date
would defeat Edwards's invalidity challenge.

The district court granted Edwards's motion and
denied Medtronic's cross-motion.  With respect to priority,
the court found that the '281 patent is not entitled to a
priority date earlier than April 10, 2003 because it was
neither in compliance with 35 U.S.C. § 119 to claim the
benefit of the October 31, 2000 filing date of French
Application 1b, nor in compliance with 35 U.S.C. § 120 to
claim the benefit of the October 19, 2001 filing date of
International Application 2b.  *SJ Order*, at 4-8.  The
district court interpreted § 119, which governs priority
claims based on an earlier filed foreign patent application,
to require, inter alia, that "all intermediate applications
in a priority chain contain a specific reference to the
earlier-filed foreign application" from which priority is
claimed.  *Id.* at 7.  In Medtronic's case, not every interven-
ing application in the priority chain—that is, U.S. Appli-
cation 4, U.S. Patent Application Serial No. 11/352,614
("U.S. Application 6"), and U.S. Patent Application Serial
No. 12/029,031 ("U.S. Application 8")—claimed priority to
French Application 1b.  Thus, finding the priority record

MEDTRONIC COREVALVE, LLC v. EDWARDS                    5
LIFESCIENCES CORP.

of the '281 patent to be incomplete, the district court disallowed the '281 patent from securing the benefit of the filing date of French Application 1b under § 119. *Id.* at 6-7.

For similar reasons, the district court also found that the defects in the '281 patent's priority chain rendered it unable to claim priority to International Application 2b under § 120. Citing *Encyclopaedia Britannica, Inc. v. Alpine Electronics of America, Inc.*, 609 F.3d 1345 (Fed. Cir. 2010), the district court noted that under § 120, a later filed application may claim priority based on an earlier filed application if, inter alia, the later filed application contains or is amended to contain a specific reference to the earlier filed application. *SJ Order*, at 6. To claim priority to International Application 2b, each intermediate application must recite every intervening application before it all the way back to International Application 2b. *Id.* at 8. Because the specifications of U.S. Applications 6 and 8 each simply state that "this application is also a continuation-in-part of [International Application 2b]," these applications have failed to recite the correct chain of priority as required by § 120. *Id.* In particular, Medtronic's U.S. Application 6 broke the priority chain by leaving out U.S. Application 4 in making its claim for priority to International Application 2b; likewise, U.S. Application 8 failed to link U.S. Applications 4 and 6 in its priority claim to International Application 2b. The district court thus found that the '281 patent cannot claim priority back to International Application 2b under § 120. *Id.*

The parties did not dispute that the '281 patent can claim priority to the patent application that was next along the priority chain, U.S. Application 4, filed on April 10, 2003, because it recited its priority claim accurately. Accordingly, the district court granted partial summary judgment in favor of Edwards and set the priority date of the '281 patent to be no earlier than April 10, 2003. *Id.*

With respect to invalidity, the district court noted that apart from the priority date issue, Medtronic did not rebut Edwards's evidence that the Asserted Claims of the '281 patent were anticipated by French Application 1b under 35 U.S.C. § 102(d), or that asserted claims 3, 4, and 7 were anticipated by patents that issued from French Application 1b and International Application 2b under § 102(a). *Id.* at 9. Upon finding the effective filing date of the '281 patent to be April 10, 2003—well after the filing date of the § 102(d) reference and the issuance and publication date of the § 102(a) references—the district court held Medtronic's corresponding patent claims invalid as anticipated. The district court thereafter granted summary judgment of invalidity to Edwards. *Id.* at 9.

On November 26, 2012, the district court entered final judgment against Medtronic, and adjudged claims 3, 4, 7, 12, 14, and 15 of the '281 patent to be invalid under 35 U.S.C. § 102. Medtronic appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review a district court's grant or denial of summary judgment under the law of the regional circuit, here the Ninth Circuit. *Teva Pharm. Indus. v. Astrazeneca Pharm. LP*, 661 F.3d 1378, 1381 (Fed. Cir. 2011). The Ninth Circuit reviews summary judgment rulings without deference. *Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1320 (Fed. Cir. 2012). Determination of a patent's priority date is purely a question of law if the facts underlying that determination are undisputed. *E.I. du Pont de Nemours & Co. v. MacDermid Printing Solutions, LLC*, 525 F.3d 1353, 1359 (Fed. Cir. 2008). This case presents no disputed issues of fact relevant to the district court's determinations.

Medtronic's appeal asks us to determine whether the district court erred in holding that the '281 patent could not claim the benefit of an earlier priority date for failure to comply with the requirements of both 35 U.S.C. §§ 119 and 120. Medtronic recognizes, however, that it must demonstrate compliance with *both* §§ 119 and 120 to overcome the final judgment of invalidity because that finding rests entirely on the district court's priority date determination. Thus, the parties agree that an affirmance of the district court's determination under *either* § 119 or § 120 would seal the fate of the '281 patent. Oral Argument at 1:04-2:08, 46:40-47:17, *Medtronic CoreValve, LLC v. Edwards Lifesciences Corp.*, No. 2013-1117 (Fed. Cir. Oct. 9, 2013), *available at* http://oralarguments. cafc.uscourts.gov/default.aspx?fl=2013-1117.mp3. Therefore, we need to examine the district court's analysis only with respect to one of the two provisions governing priority—we choose § 120.

Section 120 allows a later filed patent application to claim the benefit of an earlier filing date in the United States if, among other requirements,[3] "it contains or is amended to contain a specific reference to the earlier filed application . . . submitted at such time during the pendency of the application as required by the Director." 35 U.S.C. § 120. We recently clarified that the "specific reference" requirement mandates "each [intermediate] application in the chain of priority to refer to the prior

---

[3] The other requirements, which are not at issue in this appeal, are that (1) the invention described in the new application must be disclosed in an application previously filed in the United States; (2) the application must be filed by the inventor(s) named in the previously filed application; and (3) the application must be co-pending with the earlier application at some point. 35 U.S.C. § 120; *Encyclopaedia Britannica*, 609 F.3d at 1349-50.

applications." *Encyclopaedia Britannica*, 609 F.3d at 1352.

We agree with the district court that because intermediate U.S. Applications 6 and 8 failed to specifically reference the earlier filed applications in the priority chain, the '281 patent is not entitled to claim the priority date of International Application 2b under § 120.

A complete priority chain claiming priority to International Application 2b under § 120 would have disclosed the following:

> The present application (U.S. Application 10) claims priority under 35 U.S.C. § 120 as a continuation of U.S. Application Serial No. 12/029,031 (U.S. Application 8), filed February 11, 2008, which is a continuation of U.S. Application Serial No. 11/352,614 (U.S. Application 6), filed February 13, 2006, which is a continuation of U.S. Application Serial No. 10/412,634 (U.S. Application 4), filed April 10, 2003, which is a continuation-in-part of International Application No. PCT/FR 01/03258 (International Application 2b), filed October 19, 2001.

This priority chain was recited in U.S. Application 10, which matured into the '281 patent.[4]  *See* J.A. 918. Medtronic, however, failed to do as thorough a job for the

---

[4]   U.S. Application 10 did not always disclose such a complete priority chain.  On May 4, 2009, or four months after its filing, Medtronic amended the priority claim in U.S. Application 10 to add what had been previously omitted, i.e., references to U.S. Applications 4, 6, and 8 and disclosure of relationships between the intervening applications.  *See* J.A. 919.  On February 22, 2011, U.S. Application 10 issued as the '281 patent with the corrected and complete priority claim.  J.A. 47.

MEDTRONIC COREVALVE, LLC v. EDWARDS          9
LIFESCIENCES CORP.

priority claims in intermediate U.S. Applications 6 and 8,
which merely stated, in relevant part:

> [T]his application is also a continuation-in-part of
> International Application No. PCT/FR 01/03258
> [International Application 2b], filed on Oct. 19,
> 2001, which was published in a language other
> than English.

J.A. 1054 (U.S. Application 8); J.A. 945 (U.S. Application
6). The priority chain disclosed in U.S. Applications 6 and
8 insufficiently and incorrectly stated that (1) U.S. Appli-
cation 6 is a continuation-in-part of International Applica-
tion 2b, omitting any reference to intermediate U.S.
Application 4; and (2) U.S. Application 8 is a continua-
tion-in-part of International Application 2b, omitting
citations to both intermediate U.S. Applications 6 and 4.
More is required.[5] The district court thus correctly found

_____

[5]   In this case, an example of a sufficient disclosure
under § 120 would have been as follows for U.S. Applica-
tion 8:

> The present application is a continuation of U.S.
> Application Serial No. 11/352,614 [U.S. Applica-
> tion 6], filed February 13, 2006, which is a contin-
> uation of U.S. Application Serial No. 10/412,634
> [U.S. Application 4], filed April 10, 2003, which is
> a continuation-in-part of International Applica-
> tion No. PCT/FR 01/03258 [International Applica-
> tion 2b], filed on October 19, 2001.

And as follows for U.S. Application 6:

> The present application is a continuation of U.S.
> Application Serial No. 10/412,634 [U.S. Applica-
> tion 4], filed April 10, 2003, which is a continua-
> tion-in-part of International Application No.
> PCT/FR 01/03258 [International Application 2b],
> filed on October 19, 2001.

that the priority claims in U.S. Applications 6 and 8 were
defective under § 120 because the phrase "this applica-
tion" does not expressly identify the correct patent appli-
cation (i.e., U.S. Application 4) as the co-pending
continuation-in-part of International Application 2b.  *SJ
Order*, at 8.  Instead, it is apparent from reviewing the
disclosure in U.S. Application 4 that Medtronic recycled
the priority claim in that application for use in U.S.
Applications 6 and 8.  *Compare* J.A. 904 (U.S. Application
4) *with* J.A. 1054 (U.S. Application 8) *and* J.A. 945 (U.S.
Application 6).

   Medtronic disputes that the phrase "this application"
in the priority claims of U.S. Applications 6 and 8 must
mean, as the district court found, "the present applica-
tion."  *SJ Order*, at 8.  Medtronic asserts that the district
court incorrectly adopted a plain language reading of the
phrase, even though Medtronic had intended for the
phrase to refer to U.S. Application 4.  Stated differently,
Medtronic's argument is that the phrase "this application"
is not self-referential from application to application;
rather, it always refers to U.S. Application 4, whether it is
being used in U.S. Application 4, 6, or 8.

   Medtronic's proposed meaning of "this application" is
an attempt at linguistic gymnastics and makes little
sense relative to the straightforward, plain language
meaning of the phrase.  For example, section 201.11 of the
Manual of Patent Examining Procedure ("M.P.E.P."),
which provides instructions on claiming the benefit of an
earlier filing date under 35 U.S.C. §§ 120 and 119(e),
repeatedly uses the phrase "this application" to refer to
the present application.  *See, e.g.*, M.P.E.P. § 201.11 (8th
ed. rev. 5, Aug. 2006) ("The relationship between the
applications is whether the instant application is a con-
tinuation, divisional, or continuation-in-part of the prior
nonprovisional application.   An example of a proper
benefit claim is 'this application is a continuation of prior
Application No. ---, filed ---.'").  Our opinions also use and

MEDTRONIC COREVALVE, LLC v. EDWARDS
LIFESCIENCES CORP.                                         11

interpret "this application" in the self-referential sense to
mean the "present application." *See, e.g., Santarus, Inc. v.
Par Pharm., Inc.*, 694 F.3d 1344, 1360-61 (Fed. Cir. 2012)
(Newman, J., concurring-in-part and dissenting-in-part)
(noting that the patent application properly claimed
priority under § 120 when it disclosed all prior applica-
tions with "no break in the chain of priority" and conclud-
ed with, "This application claims priority to all such
previous applications . . . ."); *Broadcast Innovation, L.L.C.
v. Charter Commc'ns, Inc.*, 420 F.3d 1364, 1366 (Fed. Cir.
2005) (interpreting "[t]his application is a divisional" to
set forth the priority chain of the present application);
*Zenon Envtl., Inc. v. U.S. Filter Corp.*, 506 F.3d 1370,
1383 (Fed. Cir. 2007) (interpreting "[t]his application is a
continuation of" to set forth the chain of co-pending appli-
cations from the present application).

Next, Medtronic argues that the meaning of the
phrase "this application" should not be rigidly deter-
mined, but instead should be based on what a reasonable
person would understand it to disclose within the context.
In the context of the '281 patent, the phrase should be
interpreted to mean "U.S. Application 4" in U.S. Applica-
tions 6 and 8 because, Medtronic asserts, any reasonable
person "reviewing the priority claims would understand
that the only application that is identified in the priority
claims that could be the continuation-in-part [of Interna-
tional Application 2b] is [U.S.] Application 4." Appellant's
Br. 24-25. Medtronic made a similar argument to the
district court that anyone "of ordinary skill in the art"
would understand "this application" in U.S. Applications
6 and 8 to refer to U.S. Application 4 because every other
patent application in the priority chain was filed too late
to fit the bill.[6] The district court rejected this argument.

------------------------

   [6]   In lieu of entering the national stage under 35
U.S.C. § 371, an international application may be claimed
in a continuation application in the United States if filed

*SJ Order*, at 8 n.10.  Citing *MacDermid Printing*, 525
F.3d at 1361, Medtronic similarly urges on appeal that
the test for determining whether a priority claim contains
the specific reference required by § 120 is whether a
reasonable person reading the language of the claim
would be able to determine the relationship between the
priority applications.  It submits that the language of a
priority claim should not exist in isolation, but should be
interpreted by an interested reader who discerns the
context.

We decline to adopt the "reasonable person" test pro-
posed by Medtronic to interpret the sufficiency of a priori-
ty claim under 35 U.S.C. § 120.  Medtronic's proposal runs
afoul of the language of the statutory provision, which
requires "a specific reference" to each earlier filed applica-
tion, as well as the implementing regulation for § 120,
which requires precise details in priority claims down to
the "application number (consisting of the series code and
serial number)," 37 C.F.R. § 1.78(a)(2)(i).

The reasons for the required precision are apparent.
Medtronic claims that a reasonable person interpreting
the phrase "this application" in context would have con-
cluded that it unambiguously meant "U.S. Application 4,"
because that was the only application that could have
been a continuation-in-part of International Application
2b based on its filing date.  The reasonable person would
not be so certain, however.  As Edwards points out, U.S.
Application 4's predecessor, U.S. Patent Application
Serial No. 10/130,355 ("U.S. Application 3"), filed on
November 26, 2002, also comes within the thirty month

---

within thirty months of its priority date.  U.S. Application
4 was the only application along the pertinent priority
chain (that is, among U.S. Applications 4, 6, 8, and 10)
that was filed within thirty months of the priority date of
International Application 2b.

MEDTRONIC COREVALVE, LLC v. EDWARDS
LIFESCIENCES CORP.                                    13

cutoff date and would have been just as reasonable a
contender as U.S. Application 4 to be the application to
which "this application" referred.   Ultimately, a closer
look at the '281 patent's complicated priority recitations,
as well as an understanding of § 120's disclosure require-
ments, would have eliminated U.S. Application 3 as a
candidate because it neither claims priority to Interna-
tional Application 2b nor does it belong to the same
priority chain as the Asserted Claims.[7]   However, such a
conclusion would come to light only if the reasonable
person had a sufficient understanding of prosecution
procedure and litigation subject matter.   These nuances
demonstrate the difficulty in ascertaining the correct
priority chain of a patent application that did not contain
"specific references."

The patentee is the person best suited to understand
the genealogy and relationship of her applications; a
requirement for her to clearly disclose this information
should present no hardship.   *Accord Sticker Indus. Supply
Corp. v. Blaw-Knox Co.*, 405 F.2d 90, 93 (7th Cir. 1968).
On the contrary, Medtronic's "reasonable person" test
improperly places the burden of deciphering a priority
claim upon the reader or the public.   *Cf. Sampson v.
Ampex Corp.*, 463 F.2d 1042, 1045 (2d Cir. 1972) (observ-
ing that the "specific reference" requirement under § 120
has the purpose of ensuring that someone examining a
patent claiming the benefit of an earlier filed application
is able to determine the priority date with "a minimum of
effort").     Allocating the responsibility of disclosure
through specific references to the patentee eliminates the
inefficiencies associated with having the public expend
efforts to unearth information when such information is
readily available to the patentee.   *See Sticker Indus.*, 405

———————————

[7]    As mentioned previously, the '281 patent discloses
two priority chains, only one of which pertains to the
Asserted Claims in this case.

14                        MEDTRONIC COREVALVE, LLC v. EDWARDS
                                            LIFESCIENCES CORP.

F.2d at 93 ("Congress may well have thought that Section
120 was necessary to eliminate the burden on the public
to engage in long and expensive search of previous appli-
cations in order to determine the filing date of a later
patent.").

   Lastly, Medtronic's reliance on *MacDermid Printing* is
similarly misplaced.  The issue in that case was whether a
reference in a non-provisional application was sufficient
to claim priority to a provisional application under 35
U.S.C. § 119(e).  *MacDermid Printing*, 525 F.3d at 1361.
Although the patentee in *MacDermid Printing* correctly
disclosed and identified the relationship between the two
applications, it did so without using the phrase "claims
the benefit of," an example of acceptable "priority" lan-
guage provided by the M.P.E.P.  *Id.*  In contrast to *Mac-
Dermid Printing*, where certain magic words were not
used but the priority claim was otherwise correct, here
Medtronic used language suggested by the M.P.E.P. in a
*contrary* manner, and additionally failed to disclose the
correct relationships between the applications at issue.

   We have considered Medtronic's remaining arguments
and do not find them persuasive.  Summary judgment of
invalidity in this case was predicated on the determina-
tion of the priority date of the '281 patent.   Because
Medtronic failed to specifically reference each earlier filed
application in the intervening applications in the chain of
priority for the '281 patent under 35 U.S.C. § 120, the
district court was correct to limit the priority date of the
patent to no earlier than April 10, 2003 and thereafter
find the Asserted Claims invalid as anticipated.   For the
foregoing reasons, the judgment of the district court is
affirmed.

**AFFIRMED**